# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**VINCENT MORGAN**                                                                **PLAINTIFF**

v.                          **CAUSE NO. 25-186**

**CHEVRON USA INC.; and**
**JOHN DOE BUSINESS 1-5.**                                          **DEFENDANTS**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for termination in violation of public policy. The following facts support the action:

1.

Plaintiff, Vincent Morgan is an adult resident citizen of Mobile County, Alabama, who may be contacted through undersigned Counsel.

2.

Defendant Chevron USA INC. is a foreign corporation doing business and operating in the State of Mississippi who may be served with process upon its registered agent Corporation Service Company at 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

Defendants designated as John Doe Business 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiffs for the claims

Page 1 of 4

**Exhibit A**

asserted herein. Plaintiffs will amend their Complaint once the identities of the unknown Defendants are learned.

3.

This court has jurisdiction and venue is proper, because Plaintiffs' employment relationship with the Defendant/s was based out of and revolved around Jackson County in the state of Mississippi.

4.

Vincent Morgan (hereinafter Morgan) was an employee of Chevron Pascagoula Refinery. Morgan never had any work-related issues.

5.

In 2023, Morgan began working under a new female supervisor. The new supervisor would treat Morgan differently than she treated other female colleagues. The new supervisor even made multiple comments about desiring to have "women" run the department.

6.

Morgan noticed that he was held to a higher standard as an employee than his female colleagues.

7.

At least one female employee was brought into Morgan's department, despite not having the minimum requirements to hold this position.

8.

One of the female colleagues constantly required reminding of how to complete basic tasks within the department, but Morgan, as an example of the pettiness, was placed on a PIP (performance improvement plan) for simply leaving his computer running too long.

Another female employee missed work and was late on multiple occasions, without repercussion.

9.

Because of the stress caused by this disparate treatment, Morgan's doctor advised him to take time off to handle his anxiety. FMLA was approved by Chevron. However, Morgan was terminated while on leave for not completing his PIP.

10.

Morgan's past performance ranked him at the top of his department. Morgan never had any issues with his employment until he began working with a new female supervisor.

CLAIMS FOR RELEIF

12.

The Defendant terminated Morgan, in part, for taking an FMLA leave to deal with stress and anxiety that was caused by his own supervisor creating a hostile work environment and constantly criticizing Morgan at work, while giving female employee a pass.

13.

The Defendant mistreated Plaintiff and held Morgan to an alleged high standard because Plaintiff is a male. Plaintiff was written up and reprimanded for false and exaggerated reasons, while female employees violated company policies without repercussion. Said disparate treatment caused and/or contributed to the Plaintiff's termination in violation of Title VII.

**PRAYER FOR RELIEF**

Plaintiff prays for actual, compensatory, pecuniary, non-pecuniary, special, and punitive damages in the amount to be determined by a jury and for reasonable attorney's fees.

THIS the 20th day of August, 2025.

Respectfully submitted,

**VINCENT MORGAN**

_____
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

Case 1:25-cv-00342-HSO-MTP   Document 1-1   Filed 11/14/25   Page 5 of 10
Case: 30CI1:25-cv-00186-KJ   Document #: 2   Filed: 08/26/2025   Page 5 of 10



EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to:<br>___ FEPA<br>_X_ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

_____ and EEOC _____
State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.)<br>Mr. Vincent Morgan | Home Phone (Incl. Area Code)<br>251-232-5405 | Date of Birth<br>8/1/1968 |
|---|---|---|
| Street Address<br>312-T Schillinger Road, South #415 | City, State and ZIP Code<br>Mobile, AL 36608 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Chevron Pascagoula Refinery | No. Employees, Members<br>50+ | Phone No. (Include Area Code)<br>228-938-4600 |
|---|---|---|
| Street Address<br>250 Chevron Way | City, State and ZIP Code<br>Pascagoula, MS 39581 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br><br>_X_ RACE  ___ COLOR  _X_ SEX  ___ RELIGION  ___ NATIONAL ORIGIN<br><br>_x_ RETALIATION  ___ AGE  ___ DISABILITY  ___ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest      Latest<br>              8/29/2024<br><br>___ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):
I worked for Chevron for years without any work-related issues. I was one of, if not the top employee in my department based on production.

Roughly a year ago I began working under a new female supervisor who transferred to the local facility from the corporate office in Texas. From the beginning, I was treated differently by her. She was witnessed at events discussing how women need to be put in charge more than men and making other derogatory comments about men in the workplace.

Over the last few months of my employment, I was held to a much higher standard than the female employees in my department. Female employees were allowed to miss time from work without repercussion, but if I was not at my desk for a set amount of time, I was reprimanded -- even though I was working -- meanwhile the female employees were allowed to miss work entirely.

At least one female employee was hired into my department without having the minimum requirements for the position. The female employee routinely requires instruction on basic tasks and fails to meet minimum standards in the department for core competency. But if I so much as leave my computer running too long, I am reprimanded and put on a PIP.

Finally, because of the constant harassment from my female supervisor, my doctor recommended that I take some time off to handle the anxiety. Chevron approved the time for FMLA leave. While out on leave, I was terminated by Chevron for not timely completing my PIP.

My work history speaks for itself. My performance can be backed up by numbers. My performance ranks me at the top of my department. Despite being the top performer in my department, I was singled out and targeted by my female supervisor because she wanted to implement DEI based principles and lower my standing in the department as a male. Then, I was terminated for taking FMLA to deal with the stress that was created and amplified by my supervisor.

**Exhibit A**

I want the EEOC to investigate my claims under Title VII and FMLA. I was discriminated against because I am a male and terminated for being male and/or taking protected FMLA leave.

Meanwhile females in my department are treated differently, allowed to miss work, and underperform without repercussion.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>_____  _____<br>Date            Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**Exhibit A**

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Jackson Area Office
100 West Capitol Street, Suite 338
Jackson, MS 39269
(769) 487-6910
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/05/2025

To: Mr. Vincent Morgan
312-T Schillinger Road
South #415
Mobile, AL 36608

Charge No: 423-2025-00385

EEOC Representative and email:   SHAMLA MOORE
FEDERAL INVESTIGATOR
SHAMLA.MOORE@EEOC.GOV

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 423-2025-00385.

On behalf of the Commission,

SHAMLA MOORE  Digitally signed by SHAMLA MOORE
Date: 2025.06.05 10:27:22 -05'00'

For Eszean McDuffey
Area Office Director

Cc:
Celina Joachim
Celina.joachim@chevron.com

Daniel M Waide Esq.
Dwaide@jhrlaw.net

Please retain this notice for your records.



**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice.** Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 423-2025-00385 to the District Director at U.S. EEOC, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 423-2025-00385 to the District Director at U.S. EEOC, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (01/22)

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one major life activity need be substantially limited.**
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim if the individual is covered only under the "regarded as" definition of "disability".

**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (01/22)

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.