**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**VINCENT MORGAN** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 1:25-cv-342-HSO-MTP**

**CHEVRON U.S.A., INC.** **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Exclude Plaintiff's Untimely Disclosed Witness [42]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [42] should be DENIED.

## BACKGROUND

On August 26, 2025, Plaintiff filed this employment discrimination lawsuit against Defendant in the Circuit Court of Jackson County, Mississippi. Defendant removed the action to this Court on November 14, 2025. On January 26, 2026, the Court entered a Case Management Order [13] setting the case deadlines and the trial in this matter, including a September 15, 2026 discovery deadline.

On August 31, 2026, two weeks before the discovery deadline, Plaintiff served his Second Supplemental Initial Disclosures on Defendant, identifying for the first time Defendant's employee, Kevin Everett, as an individual that is "likely to have discoverable information and may be called as a witness." *See* [42-1]. Specifically, Kevin Everett "is believed to have personal knowledge regarding the facts asserted in the complaint, including that Alison Carey wanted a female to have his job." *Id.*

Defendant now seeks to exclude Everett pursuant to Fed. R. Civ. P. 37. Defendant argues that Plaintiff's disclosure of Everett is untimely, because he was not disclosed as a witness until

the discovery deadline was "rapidly approaching." [42] at 3. Defendant further argues that it will be prejudiced if Everett is allowed to remain a witness for Plaintiff. Defendant alternatively asks the Court to give it "a meaningful opportunity" to depose Everett and "conduct any reasonable follow-up discovery" should the Court not exclude Everett.

Plaintiff disagrees and claims that Everett was disclosed as a witness "as soon as possible," and that while the late supplemental disclosure could cause prejudice to Defendant, Plaintiff "has no objection to the Defendant being given an extension of the discovery deadline to conduct discovery on its own employee, Kevin Everett." [44] at 1.

This matter is now ripe for review.

**ANALYSIS**

As part of the initial disclosures, "a party must, without awaiting a discovery request, provide to the other parties: the name…of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses. . . ." Fed. R. Civ. P. 26(a)(1)(A)(i).

Parties must also supplement their disclosures and discovery responses when necessary.

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline

established by the case management order." L.U. Civ. R. 26(a)(5) Furthermore, "[t]he discovery deadline is that date by which all responses to written discovery including supplementation of responses, required by the Federal Rules of Civil Procedure must be made . . . ." L.U.Civ. R. 26(b)(1). However, "parties are obliged to disclose witnesses in sufficient time to permit the witnesses' deposition to be completed before the discovery deadline." *Harris v. DeSoto Cnty., Mississippi*, 2025 WL 3760588, at *3 (N.D. Miss. Dec. 29, 2025), *aff'd*, 2026 WL 184202 (N.D. Miss. Jan. 23, 2026) (quoting *Powell v. Worldwide Trucks, LLC*, 2024 WL 4770428, at *4 (S.D. Miss. Nov. 13, 2024)).

Although Plaintiff's disclosure of Everett occurred two weeks prior to the discovery deadline, that likely did not leave Defendant with enough time to depose Everett or conduct other follow-up discovery. Thus, the Court finds the disclosure of Everett to be untimely.

The Federal Rules of Civil Procedure provide directions in the event a party fails to timely disclose information. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[1]

To determine whether to exclude evidence that was not timely disclosed, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the

[1] This Rule further provides: "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1).

availability of a continuance to cure such prejudice. *King v. King*, 117 F.4th 301, 307 (5th Cir. 2024).

As for the first factor, Plaintiff argues that he supplemented his disclosures to identify Everett as a witness as soon as possible. Specifically, Plaintiff's counsel claimed he did not learn of Everett's existence until mid-August, when Everett called Plaintiff's counsel and "setup an appointment to discuss an employment issue with Chevron." [44] at 2. After realizing the similarities between Everett and Plaintiff, Plaintiff claims his "disclosures were updated to identify Kevin Everett as soon as possible," and "there simply was no way to possibly disclose him sooner." *Id.*

Defendant argues that "[t]his does not explain why such information was only discovered in the final days of discovery, putting Chevron in a prejudicial position." [42] at 2-3. Defendant further argues that because they have "no independent basis to verify when Plaintiff first learned of Everett," it "does not accept Plaintiff's counsel's representation as establishing that fact." [42] at 2; [45] at 2. Defendant, however, offers no evidence showing that Plaintiff had knowledge of Everett before the supplemental disclosure. This factor therefore weighs against exclusion of Everett.

Concerning importance, Plaintiff believes this witness and his testimony will support the discriminatory intent behind Plaintiff's termination. Defendant "does not minimize that testimony's potential importance." [42] at 4. This factor weighs against exclusion.

While Defendant concedes that Everett's testimony could be important, Defendant argues that the potential importance of Everett's testimony "heightens the prejudice from the late disclosure." [45] at 3. Plaintiff agrees that allowing the late supplemental disclosure of Everett as a witness could cause potential prejudice to Defendant. However, Plaintiff points out that an

extension of the discovery and motions deadlines could cure the potential prejudice, and Defendant requests such an extension as alternative relief.

The Court agrees that a continuance could cure any potential prejudice. The deadlines have not yet been extended in the case. Further, since Everett is Defendant's employee, Defendant should be able to depose him and conduct related discovery promptly.

Accordingly, the Court will deny Defendant's request to exclude Everett but will grant Defendant reasonable time to depose Everett and conduct any necessary follow-up discovery.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Exclude Plaintiff's Untimely Disclosed Witness [42] is DENIED;

2. The discovery deadline is extended to October 30, 2026 for the sole purpose of deposing Kevin Everett and conducting any reasonable follow-up discovery; and

3. The motions deadline is extended to November 13, 2026.

SO ORDERED this the 2nd day of October, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE